



THE CITY OF NEW YORK

**MICHAEL A. CARDOZO**
*Corporation Counsel*

# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

**BRADFORD C. PATRICK**
*Assistant Corporation Counsel*
Tel.: (212) 788-1575
Fax: (212) 788-9776

July 10, 2008

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-15-08
```

BY HAND
Honorable Henry B. Pitman
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: Wilson v. C.O. Officer Shield #16017, et al., 07 CV 5962 (LAP)(HBP)

Dear Magistrate Judge Pitman:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney for defendant Comptroller William C. Thompson, Jr. in the above-referenced matter. As Comptroller Thompson was recently served with a copy of the summons and complaint in this matter, I am writing to respectfully request a forty-day enlargement of time, from July 30, 2008 until September 8, 2008, within which defendant Thompson may answer or otherwise respond to the complaint. I write directly to the Court because plaintiff is currently incarcerated and proceeding pro se in this matter. This is defendant Thompson's first request for an enlargement of time in this action.

      The complaint alleges, inter alia, that plaintiff was subjected to excessive force while incarcerated at the George R. Vierno Center at Rikers Island.[1] In addition to defendant Thompson, the complaint purports to name "Deputy Daiz" and "C.O. Officer Shield #16017" as defendants. According to the Court's electronic docket sheet, Deputy Daiz and the individual identified as "C.O. Officer Shield #16017" may have been served with a copy of the summons and complaint on or about June 2, 2008 and that an answer on behalf of these individuals may be past due. As this office only learned of this lawsuit upon being forwarded the complaint by the Comptroller's Office, we respectfully apologize to the Court and to plaintiff for any inconvenience caused by this delay. Before this office can respond to the complaint, we will need to conduct an investigation into the facts of the case. The enlargement of time will afford us the opportunity to investigate the matter.

---

[1] It therefore appears that Comptroller Thompson had no personal involvement in the allegations contained in plaintiff's complaint.

As a decision concerning this office's representation of Deputy Daiz and the individual as "C.O. Officer Shield #16017" has not yet been made, this request for an enlargement of time is not made on their behalves. However, given the time involved in determining representation of a correction officer, and in the interest of judicial economy, we would hope that the Court may, sua sponte, extend the time to answer on behalf of all defendants. The enlargement of time will also allow us to ascertain whether these individuals have been properly served. If proper service has been effectuated then, pursuant to § 50-k of the New York General Municipal Law, this office must determine, based on a review of the case, whether we may represent these defendants. The individual defendants must then decide whether they wish to be represented by this office. If so, we must obtain their written authorization. Only after this procedure has been followed can we determine how to proceed in this case.

In view of the foregoing, it is respectfully requested that the Court grant the within request extending defendant Thompson's time to answer or otherwise respond to the amended complaint until September 8, 2008.

Thank you for your consideration in this regard.

Respectfully submitted,

Bradford C. Patrick
Assistant Corporation Counsel
Special Federal Litigation Division

CC:   BY MAIL
      Carlton Wilson, DIN #07-A-4913
      Plaintiff Pro Se
      Fishkill Correctional Facility
      Box 1245
      Beacon, NY 12508

THE TIME WITHIN WHICH DEFENDANT THOMPSON MUST ANSWER OR MOVE IS EXTENDED TO 9-8-08

SO ORDERED

HENRY PITMAN
UNITED STATES MAGISTRATE JUDGE
7-14-08

2