UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

CARLTON WILSON,

                                                Plaintiff,

                               -against-

C.O. OFFICER SHIELD #16017, DEPUTY DAIZ #127,
WILLIAM C. THOMPSON, JR., COMPTROLLER,

                                           Defendants.

------------------------------------------------------------------------ x

**ANSWER TO THE COMPLAINT ON BEHALF OF ASSISTANT DEPUTY WARDEN DIAZ AND COMPTROLLER THOMPSON**

07 CV 5962 (LAP)(HBP)

Jury Trial Demanded

        Defendants Assistant Deputy Warden Diaz and Comptroller William C. Thompson, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:[1]

        1.     Deny the allegations set forth in paragraph "I" of the complaint and all of its subparts, except admit that plaintiff purports to name the parties as stated therein.

        2.     Deny the allegations set forth in paragraph "II.A." of the complaint, except admit that plaintiff was incarcerated at the George R. Vierno Center on or about December 14, 2006.

        3.     Deny the allegations set forth in paragraph "II.B." of the complaint, except admit that an incident involving plaintiff occurred on or about December 14, 2006.

---

[1] By letter dated September 8, 2008, this office requested a 14-day enlargement of time, until September 22, 2008 to respond to the complaint on behalf of the individual identified in the caption of the complaint as "C.O. Officer Shield #16017". Accordingly, this answer is not submitted on behalf of said individual.

4. Deny the allegations set forth in paragraph "II.C." of the complaint, except admit that an incident involving plaintiff occurred on or about December 14, 2006.

5. Deny the allegations set forth in paragraph "II.D." of the complaint, except deny knowledge or information sufficient to form a belief as to the allegation that other inmates witnessed the incident alleged in the complaint.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "III" of the complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "IV" of the complaint and all of its subparts, except admit that the George R. Vierno Center has a grievance procedure.

8. Deny the allegations set forth in paragraph "V" of the complaint, except admit that plaintiff purports to seek relief as stated therein.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "VI" of the complaint and all of its subparts.

10. To the extent the documents attached to the complaint are incorporated into the complaint by reference, defendants Diaz and Thompson deny the allegations contained therein.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

11. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

12. Defendant Assistant Deputy Warden Diaz has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

13.  At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

14.  Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of the defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

15.  Plaintiff's claims may be barred, in whole or in part, by his failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

16.  Plaintiff's claims may be barred, in whole or in part, because plaintiff failed to comply with all conditions precedent to suit.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

17.  Plaintiff's claims may be barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

18.  Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations period.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

19.  Plaintiff provoked any incident.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

20.     Comptroller William C. Thompson, Jr. had no personal involvement in the incident alleged in the complaint.

**WHEREFORE,** defendants Assistant Deputy Warden Diaz and Comptroller Thompson request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         September 8, 2008

        MICHAEL A. CARDOZO
        Corporation Counsel of the
          City of New York
        Attorney for Defendants Diaz and Thompson
        100 Church Street
        New York, New York 10007
        (212) 788-1575

By:  _____/s/_____
     Bradford C. Patrick
     Assistant Corporation Counsel
     Special Federal Litigation Division

To:   BY MAIL
      Leo Glickman, Esq.
      Stoll, Glickman & Bellina
      Attorney for Plaintiff
      71 Nevins St.
      Brooklyn, NY 11217

Index No.  07 CV 5962 (LAP)(HBP)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CARLTON WILSON,

                              Plaintiff,

-against-

C.O. OFFICER SHIELD #16017, DEPUTY DAIZ #127, WILLIAM C. THOMPSON, JR., COMPTROLLER,

                              Defendants.

---

**ANSWER TO THE COMPLAINT ON BEHALF OF ASSISTANT DEPUTY WARDEN DIAZ AND COMPTROLLER THOMPSON**

---

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants Diaz and Thompson*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel: Bradford C. Patrick*
*Tel:  (212) 788-1575*
*NYCLIS No.2008-023968*

---

*Due and timely service is hereby admitted.*

*New York, N.Y.  .............................................., 200......*

*............................................................................ Esq.*

*Attorney for..................................................................*